**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Museum Associates, Ltd., a Washington corporation and Richard Berger, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Gary Midzor, an individual; Chris Ivey, an individual; GM Property Development, LLC, an Arizona limited liability corporation; Tina Choate, an individual; Brian Meyers, an individual; Goldstone Management, LLC, an Arizona limited liability corporation; Craig Ramsell, an individual; Kailasa Enterprises, LLC, an Arizona limited liability corporation; and Dirck's Moving Services, Inc, an Arizona corporation,<br><br>Defendants. | No. CV 10-01042-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant Craig Ramsell's and Defendant Kailasa Enterprises, LLC's "Motion to Strike Plaintiffs' Personal Injury Claims" (Doc. 206). For the reasons stated below, the motion will be granted.

**I.     BACKGROUND**

In this action, Plaintiffs allege that they were swindled out of a highly valuable collection of gems and fossils. Plaintiffs named as defendants, among others, Ramsell and the limited liability company he manages, Kailasa Enterprises (collectively

"Ramsell" for purposes of this order). Ramsell owns and operates the Sedona warehouse where Plaintiffs temporarily stored the collection, and from which the collection was allegedly stolen. Plaintiffs' first amended complaint accuses Ramsell of negligently inflicting emotional distress on Berger "by failing to take adequate care to ensure that the Collection . . . did not wrongfully leave [Ramsell's] warehouse." (Doc. 71 ¶ 125.) Plaintiffs further allege that "[t]he negligence was a cause of emotional distress to Mr. Berger and the emotional distress resulted in physical injury and illness to Mr. Berger." (*Id.* ¶ 129.)

Plaintiffs exchanged their Fed. R. Civ. P. 26(a)(1) disclosures on October 22, 2010. As part of those disclosures, they were required to: first, include "a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses"; second, state "a computation of each category of damages claimed"; and third, "make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each [damages] computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(ii)–(iii). Plaintiffs' Rule 26(a)(1) disclosures included no documents related to Berger's emotional damages claim, nor did it offer to make such documents available. Its computation of damages stated, in its entirety: "Plaintiff reserves the right to supplement because damages are ongoing in this matter. However, at this time, Plaintiffs' damages are in excess of two million dollars." (Doc. 206-1 at 7.)

Following exchange of initial disclosures, Plaintiffs were under a continuing obligation to "supplement or correct its disclosure[s] * * * in a timely manner if [it learned] that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Between October 22, 2010 (the date of the initial disclosures) and

September 12, 2011, Plaintiffs supplemented their disclosures five times. None of these supplements disclosed or made available documents relevant to Berger's emotional damages, nor did the supplements expand upon the original damages estimate.

On Friday, September 23, 2011, Ramsell's deadline for disclosing an expert passed. The following Monday, Plaintiffs supplemented their disclosures for a sixth time. (Doc. 206-4.) This latest supplement contained medical records generated from certain visits by Berger to one or more doctors for anxiety and other symptoms purportedly related to the stress of losing his collection. Plaintiffs did not update their damages calculation.

On October 25, 2011, Plaintiffs again supplemented their Rule 26(a) disclosures, this time disclosing a document titled "Richard Berger Health Expenses." (Doc. 206-5 at 14.)[1] The document has the appearance of a report generated by a finance-tracking program. It lists 27 instances of incurring medical expenses — in April, May, June, July, August, September, October, and December 2010; and January, March, April, May, June, August, and September 2011. Plaintiffs did not update their damages calculation.

## II.    ANALYSIS

Ramsell now moves to strike the emotional damages evidence as prejudicially untimely disclosed. The Court treats this as a motion brought under Fed. R. Civ. P. 37(c)(1): "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Plaintiffs did not "provide information" about Berger's emotional damages "as required by Rule 26(a) or (e)." The various documents eventually disclosed show that

---

[1] Ramsell characterizes this supplement as occurring "just *two* business days *after* Defendants' deadline to serve discovery requests passed." (Doc. 206 at 3 (emphasis in original).) However, according to the Revised Scheduling Order entered on June 13, 2011 (Doc. 155), the deadline for serving fact discovery requests was November 22, 2011 (45 days before the January 6, 2012 fact discovery deadline, *see id*. at 2).

Berger was incurring expenses (and generating documents) related to his alleged emotional distress as early as April 2010 and almost monthly thereafter. Plaintiffs therefore failed to make proper Rule 26(a)(1) disclosures (which were exchanged six months after April 2010) and they failed their Rule 26(e) obligation to timely supplement their previous disclosures.

Plaintiffs have offered no explanation for their untimely disclosures, nor is any explanation evident from the record. Therefore, Plaintiffs' failure was not "substantially justified." Nor was it "harmless" — Plaintiffs' first relevant disclosure came one business day after Ramsell's expert disclosure deadline expired. Ramsell is therefore prejudiced in his ability to call an expert to opine on whether Berger's medical expenses were reasonable and necessary. *Compare* RAJI (Civ. 4th ed.) Personal Injury Damages 1 (allowing damages for "[r]easonable expenses of necessary medical care, treatment, and services rendered . . . .").

Theoretically, the Court could admit Plaintiffs' emotional damages evidence and extend discovery so that Defendants could have a fair opportunity to seek impeaching evidence. Discovery will not be extended for three reasons. First, it has already been extended once (*see* Doc. 153). Second, Plaintiffs have not explained why they failed to comply with continuing obligations that arose more than a year ago. Third, Plaintiffs' emotional distress evidence would likely be excluded at trial anyway on relevance grounds because Berger apparently fails to state a claim for negligent infliction of emotional distress. In Arizona, such a cause of action requires negligence that "created an unreasonable risk of bodily harm" to the plaintiff. RAJI (Civ. 4th ed.) Negligence 9. This cause of action is intended for situations where, *e.g.*, the defendant crashes into the plaintiff's car while the plaintiff is standing just outside of it. In such cases, the plaintiff may not be injured by the crash but the fright of the situation may cause ongoing emotional trauma leading to physical symptoms. *See*, *e.g.*, *Quinn v. Turner*, 155 Ariz. 225, 226, 745 P.2d 972, 973 (Ct. App. 1987). Ramsell's alleged failure to protect Plaintiffs' collection did not "create an unreasonable risk of bodily harm" to Berger.

Accordingly, Plaintiffs' evidence of Berger's emotional distress damages will be excluded.

IT IS THEREFORE ORDERED that Defendant Craig Ramsell's and Defendant Kailasa Enterprises, LLC's "Motion to Strike Plaintiffs' Personal Injury Claims" (Doc. 206), construed as a Fed. R. Civ. P. 37(c)(1) motion, is GRANTED.

Dated this 4th day of January, 2012.

_____
Neil V. Wake
United States District Judge